NOT DESIGNATED FOR PUBLICATION

Nos. 117,866
117,867

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH W. CLARK III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 15, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Kenneth W. Clark III appeals the district court's decision revoking his probation and ordering him to serve his prison sentences in two separate cases. We granted Clark's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requests that the district court's judgment be affirmed.

In 16CR2305, Clark pled guilty to one count of criminal possession of a weapon by a convicted felon. On November 7, 2016, the district court sentenced Clark to 13 months' imprisonment and placed him on probation for 18 months to be supervised by community corrections.

1

In 16CR2409, Clark pled guilty to one count of possession of methamphetamine and one count of criminal possession of weapon by a convicted felon. On November 7, 2016, the district court imposed a controlling sentence of 28 months' imprisonment and placed Clark on probation for 18 months to be supervised by community corrections. The district court ordered the sentences in the two cases to run consecutively.

At a hearing on May 12, 2017, Clark admitted to violating the conditions of his probation by committing new crimes, including a felony theft. The district court revoked Clark's probation in each case. The district court ordered Clark to serve his original sentence in 16CR2305 and a modified sentence of 16 months' imprisonment in 16CR2409. Clark timely appealed. The cases have been consolidated on appeal.

On appeal, Clark claims the district court "erred in revoking his probation in both cases and in ordering him to serve his underlying prison sentence in 16CR2305." However, Clark acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. Clark also acknowledges that the district court may revoke probation without imposing an intermediate sanction if the offender commits a new felony or misdemeanor while on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of

2

K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at \*1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, pursuant to K.S.A. 2016 Supp. 22-3716(c)(8), the court may revoke probation without having previously imposed an intermediate sanction if the offender commits a new felony or misdemeanor while on probation.

Here, the district court revoked Clark's probation after finding that he committed a new felony while on probation. Based on this finding, the district court was not required to impose an intermediate sanction in this instance. The district court showed leniency by modifying Clark's sentence in 16CR2409. The district court's decision to revoke Clark's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Clark has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his prison sentences.

Affirmed.